UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD C. SAUL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:12-cv-270 |
| | ) |
| PRINCE MANUFACTURING | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This Opinion and Order follows a hearing held on October 11, 2012, on Plaintiff Richard Saul's request to perform limited discovery in this case involving a claim for health insurance benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Counsel for Saul and Defendant Prince Manufacturing Corporation ("Prince") appeared telephonically, and oral argument was heard and concluded. For the following reasons, Saul's request to perform discovery (Docket # 14) will be DENIED.

*A. Background*

Saul sought medical and disability benefits under the health insurance plan of his employer, Prince, for injuries he sustained in a motorcycle accident. (Compl. ¶¶ 5-9.) Saul, however, was declared ineligible for benefits due to "illegal activity." (Compl. ¶ 10.) Saul filed this declaratory judgment action on August 7, 2012, seeking medical and disability benefits for the accident under Prince's health insurance plan. (Docket # 1.)

At a scheduling conference on September 27, 2012, (Docket # 14), the Court reviewed the Report of the Parties' Planning Meeting (Docket # 11) and remarked that it was unlikely that

any discovery should occur—given that Saul conceded that the plan was allowed a deferential standard of review—let alone more than nine months of it as proposed in the Report. Reserving the issue, the Court directed counsel to file position statements and response briefs on the matter (Docket # 15-17, 19), and oral argument was submitted yesterday. Because Saul has not brought himself within the narrow exception that permits discovery in ERISA cases where a deferential standard of review applies, the Court will deny that relief and order the filing of the administrative record and cross motions for summary judgment.

### B. Applicable Law

As noted, the parties agree that the applicable standard of review of the denial of Saul's claim falls under the "arbitrary and capricious" standard. *See Hall v. Life Ins. Co. of N. Am.*, 265 F.R.D. 356, 361 (N.D. Ind. 2010). Accordingly, deferential review is appropriate, that is, a review of the administrative record. *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 981-82 (7th Cir. 1999).

The Seventh Circuit Court of Appeals has stated, however, that "on occasion, limited discovery beyond the administrative record is 'appropriate to ensure that plan administrators have not acted arbitrarily and that conflicts of interest have not contributed to an unjustifiable denial of benefits.'" *Hall*, 265 F.R.D. at 361 (quoting *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 814 (7th Cir. 2006)). In *Semien*, the Seventh Circuit explained that a plaintiff must demonstrate two factors before such limited discovery becomes appropriate: "(1) the identification of 'a specific conflict of interest or instance of misconduct' and (2) making 'a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination.'" *Id.* (quoting *Semien*, 436 F.3d at 362).

But this limit on discovery articulated by the Seventh Circuit was called into question by *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), in which the United States Supreme Court held that a conflict of interest exists when a plan administrator "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." *Hall*, 265 F.R.D. at 362 (quoting *Glenn*, 554 U.S. at 108). Accordingly, where such a structural conflict of interest exists, some district courts have "abrogated the requirement in *Semien* that a claimant make an exceptional showing before obtaining discovery" and allowed discovery outside the administrative record on the limited issues of bias and conflict of interest. *Id*. at 362-64 (collecting cases).

### C. Analysis

Here, Prince explains, and Saul does not dispute, that it pays all benefits and expenses of the health insurance plan from its general assets and that a third party, Administration Systems Research Corporation International, processes claims. (Def.'s Resp. to Pl.'s Br. in Supp. of Performing Limited Disc. 1.) That is, Prince does *not* serve in the dual role of evaluator and payor, and the delegation to Administration Systems actually reduced any potential for conflict. *See Aschermann v. Aetna Life Ins. Co.*, 689 F.3d 726, 729 (7th Cir. 2012). Therefore, there is no apparent structural conflict of interest of the type presented in *Glenn*, 554 U.S. at 108, or *Hall*, 265 F.R.D. at 360.

Nevertheless, Saul argues that limited discovery is necessary: (1) because the plan contains "multiple ambiguities," such as what constitutes "illegal activity" and a "violation of law"; (2) to determine whether the plan administrator's opinion of "illegal activity" was biased; and (3) to determine "whether the veracity of the blood alcohol test performed at the hospital

was considered by the plan administrator." (Pl.'s Br. in Supp. of Performing Limited Disc. 4-5.) Saul contends that, at a minimum, the nature and extent of the authority of the third party administrator as delegated by Prince "is relevant to how it goes about denying claims," speculating that the administrator may receive some sort of compensation adjustment or potential cost savings incentives. (Resp. to Def.'s Position Statement on Disc. 1-2.)

It is quickly evident that Saul's request to perform limited discovery must be denied under the applicable legal standard. He has failed to satisfy the exceptional showing for discovery articulated by the Seventh Circuit in *Semien*, 436 F.3d at 362, and there is no structural conflict of interest that brings this case within the scope of *Glenn*. In fact, in *Glenn*, the Supreme Court emphasized that a conflict of interest "should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances . . . ." 554 U.S. at 117. Here, Prince has taken active steps to eliminate potential bias by securing a third party administrator to handle its claims; thus, Saul's request to perform discovery for the purpose of "exploring" potential bias amounts to nothing more than a fishing expedition. *See generally Sirazi v. Panda Express, Inc*., No. 08 C 2345, 2009 WL 4232693, at *4 (N.D. Ill. Nov. 24, 2009) ("[D]iscovery is not to be used as a fishing expedition.") (collecting cases).

In short, the reasons articulated by Saul in support of his request to perform limited discovery are insufficient under Seventh Circuit law to commence discovery in this ERISA action employing an "arbitrary and capricious" standard of review, and therefore his request to perform limited discovery will be DENIED. Judicial review will be limited to the evidence that

was submitted at the administrative level in support of Saul's application for benefits. *See Perlman*, 195 F.3d at 982.

### D. Conclusion

Plaintiff's request to perform limited discovery (Docket # 14) is DENIED. Defendant is DIRECTED to file the administrative record on or before November 26, 2012. The parties are afforded up to and including December 11, 2012, to file cross motions for summary judgment, and up to and including January 2, 2013, to file cross responses. No reply briefs will be filed.

SO ORDERED.

Entered this 12th day of October, 2012.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge