# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD C. SAUL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:12-CV-270 |
| | ) |
| PRINCE MANUFACTURING | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File, seeking leave to file a late response to Defendant's Motion for Summary Judgment. (Docket # 30.) Defendant objected to the motion (Docket # 31), and Plaintiff subsequently replied (Docket # 32). For the following reasons, Plaintiff's motion will be GRANTED.

### *A. Factual and Procedural Background*

On August 7, 2012, Plaintiff Richard C. Saul, Jr., brought this action against his employer, Defendant Prince Manufacturing Corporation, alleging that Prince wrongfully determined that he was ineligible for health benefits. (Docket # 1.) In an Opinion and Order issued on October 12, 2012, this Court afforded the parties up to and including December 11, 2012, to file cross-motions for summary judgment and up to and including January 2, 2013, to file cross-responses. (Docket # 21 at 5.)

As such, on December 11, 2012, the parties filed their cross-motions for summary judgment. (Docket # 25, 27.) Prince then submitted its response to Saul's summary judgment motion on January 2, 2013. (Docket # 29.) Saul, however, did not file his response to Prince's

1

motion for summary judgment before the deadline. Rather, on January 3, 2013, the day after the deadline, Saul moved for leave to file a late response. (Docket # 30.) Prince objects to Saul's motion (Docket # 31), arguing that he has failed to establish either good cause or excusable neglect for missing the deadline (Def.'s Resp. to Pl.'s Mot. for Leave to File 1).

### B. Applicable Legal Standard

Under Federal Rule of Civil Procedure 6(b), "[a] motion filed before the deadline may be granted 'for good cause,' [while] a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" *Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) (quoting FED. R. CIV. P. 6(b)(1)). Here, Saul's motion for leave to file his response was untimely—filed one day after the deadline. As such, Saul must make a showing of both "good cause" and "excusable neglect" under Rule 6(b). *Id.*

The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662506, at *1.

On the other hand, excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence," *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394). In doing so, the Court takes "account of all relevant circumstances surrounding the party's omission . . . includ[ing] . . . the danger of

2

prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011) (quoting *Pioneer*, 507 U.S. at 395); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

### *C. Analysis*

In the instant case, Saul explains that the response deadline was missed because it was never placed on the calendars of the two attorneys of record in the case at the time and the associate assigned to the motion at the firm had been absent for several days both before and after the response was due because of sickness and a back injury. (Pl's Reply to Def.'s Resp. to Pl.'s Mot. for Leave to File ("Pl.'s Reply") 2, Ex. A.) According to Saul's counsel, they were alerted to the January 2nd deadline by the filing of Prince's response to Saul's motion for summary judgment, which they represent they did not read or analyze in preparing Saul's response. (Pl.'s Mot. for Leave ¶¶ 3-4.) Counsel maintain that, once they were aware of the deadline, they attempted to correct the mistake as soon as possible. (Pl.'s Reply 2.)

Errors in calendaring deadlines can, but do not necessarily, constitute good cause or excusable neglect for missing deadlines. *Compare Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-CV-21-PRC, 2011 WL 3290376, at *1 (N.D. Ind. July 14, 2011) (finding excusable neglect for missing a response deadline due to an inadvertent calendaring error), *and Boctking v. United States*, No. 3:10-cv-10-RLY-WGH, 2010 WL 2265310, at *2 (S.D. Ind. June 2, 2010) (setting aside a default because good cause was shown when a calendaring error led defendant to believe it had one more month to file an answer), *with Sherman v. Quinn*, 668 F.3d 421, 426 (7th Cir.

2012) (holding that a simple miscalculation of time did not constitute excusable neglect for missing a deadline), *and Stevens v. Cont'l Mobile Tel. Co.*, No. 95 C 3841, 1996 WL 328021, at *3 (N.D. Ill. June 11, 1996) ("Failure to docket a date correctly is a careless or negligent mistake that fails to demonstrate good cause." (citations omitted)).

Here, counsel's mistake appears to be a honest and inadvertent one that cannot be traced to Saul directly, *see Boctking*, 2010 WL 2265310, at *2 (finding good cause for missing deadline to file an answer when the failure to respond was inadvertent and the fault of counsel rather than the client directly), rather than "a situation where Plaintiff's counsel ignored the information he received in open court . . . and then ignored or overlooked a deadline that he had virtually set for himself," *Tschantz v. McCann*, 160 F.R.D. 568, 572 (N.D. Ind. 1995) (finding a lack of good cause). Furthermore, as soon as counsel was alerted to the deadline, they filed a response the next day, further suggesting that counsel acted in good faith. *See Ruiz*, 2011 WL 3290376, at *1 (finding excusable neglect and that counsel acted in good faith when, within one day of discovering the missed deadline, counsel filed the late response).

The danger of prejudice to Prince is minimal as Saul's counsel swore in an affidavit that they had not read or analyzed Prince's response to Saul's summary judgment motion in preparation for their response. (Pl.'s Mot. for Leave to File Ex. A at ¶ 4.) And the length of the delay is also minimal, given that Saul filed his motion for leave one day after the response deadline and on the day after the inadvertent error was realized. *See Ruiz*, 2011 WL 3290376, at *2 (stating that the danger of prejudice was minimal when the response was filed 17 days after it was originally due and on the same date that the inadvertent error was realized).

Moreover, the calendaring omission was compounded by the fact that the associate

4

assigned to the motion was out of the office due to apparent sickness and injury. Although to a significant extent the reason for this delay was within the control of counsel, at least under these circumstances, when any prejudice to Prince is minimal, the combination of the calendaring omission and the associate's absence establish both good cause and excusable neglect for missing the response deadline by one day. *Id.* (finding excusable neglect when two of the attorneys on the case were unaware of the response deadline and the attorney primarily assigned to the case had left the firm).

### *D. Conclusion*

Accordingly, Plaintiff's Motion for Leave to File (Docket # 30) is GRANTED. The Clerk is directed to show the Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment filed.

SO ORDERED.

Enter for this 22nd day of January, 2013.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge